

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

IERALD C. MANN
.TTORNEY GENERAL

Honorable L. C. Boswell
Acting County Attorney
Bowie County
Texarkana, Texas

Dear Sir:

Opinion No. O-5674
Re: Whether it is necessary for
the guardian to file a
special sales bond in double
the amount for which real
estate is sold where the
guardian's general bond al-
ready on file is sufficient
to cover double the amount
of the sale plus double the
amount of any personal prop-
erty in the hands of the
guardian at the time of the
sale under the provisions of
Article 4201, Section 4, V.
A.C.S. of Texas as amended
by the 48th Legislature,
Regular Session, 1943.

Your letter of October 8, 1943, requesting the opinion of this department on the above stated question reads as follows:

"Under Section 4 of Article 4201, RCS, as amended Acts 1943, 48th Legislature, is it nec-essary for the guardian to file a special sales bond in double the amount for which real estate is sold where the guardian's general bond al-ready on file is sufficient to cover double the amount of the sale plus double the amount of any personal property in the hands of the guardian at the time of the sale. ,

MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. C. Boswell, Page 2

"The intention of this amendment is to clarify the old statute but it still does not clearly indicate whether or not it is necessary to file a special sales bond or merely to file an order of the County Judge approving the guardian's general bond where it is sufficient."

Article 4141, Vernon's Annotated Civil Statutes of Texas, requires the guardian of the estate of a ward to give a bond as therein mentioned as a qualification of the guardian.

House Bill 482, Acts of the 48th Legislature, Regular Session, 1943, amending Article 4201 and Article 4216 Vernon's Annotated Civil Statutes of Texas, reads in part as follows:

"Art. 4201.

"An order for the sale of real estate shall state:

"1. The property to be sold, giving such description of it as will identify it.

"2. Whether it is to be sold at public auction or at private sale, and if at public auction, the time and place of such sale.

"3. The necessity and purpose of such sale.

"4. That no sale of real estate made by the guardian shall be confirmed, nor shall title of the ward to such real estate pass to the purchaser unless and until it shall first be found and determined by the Court, by an order duly made and entered, that the guardian has filed a good and sufficient bond in an amount equal to twice the amount for which said real estate is sold, and that the sureties on such bond are solvent, provided, however, that where the sale of such real estate is made to the owner or holder of a secured claim against the estate, and the

Honorable L. C. Boswell, Page 3

same is of the real estate securing such claim
and is in full payment, liquidation, and satis-
faction thereof, only the amount of cash, if any,
actually received by such guardian in excess of
the amount necessary to pay, liquidate and satis-
fy such claim in full, shall be considered in
passing upon the sufficiency of the bond as here-
inabove required.

"5. It shall require the sale to be made
and the report thereof to be returned to the
Court in accordance with the law."

" . . . .

"Art. 4216.

"At any time after the expiration of five
(5) days after the filing of a report of sale,
the Court shall inquire into the manner in which
such sale was made and hear evidence in support
of or against such report, and if satisfied that
such sale was fairly made and in conformity with
law and that the guardian has on file a good and
sufficient bond in an amount equal to twice the
value for which said real estate is being sold,
and if and when the guardian's said bond has
been examined by the Court and found to be in
the amount above required with good and suffi-
cient sureties thereon, as evidenced by an order
duly made and entered by the Court to that ef-
fect, the Court shall cause to be entered a de-
cree confirming such sale and order the report
of sale to be recorded by the Clerk and the
proper conveyance of the property sold to be
made by the guardian to the purchaser, upon com-
pliance by such purchaser with the terms of
sale, provided, however, that where the sale of
such real estate is made to the owner or holder
of a secured claim against the estate and the
same is of the real estate securing such claim
and is in full payment, liquidation, and satis-
faction thereof, only the amount of cash, if any,
actually received by such guardian in excess of

the amount necessary to pay, liquidate and satisfy such claim in full, shall be considered, together with the other property of the estate, in passing upon the sufficiency of such bond. The provisions of this Act shall be mandatory and unless the Court shall first determine that the guardian's bond is adequate and solvent, as above set forth, as evidenced by an order made and entered by the Court to that effect, any sale of real estate hereafter made under the provisions of this Title shall be void; provided, that the provisions hereof shall not apply to cases pending at the time this law becomes effective . . . ."

Prior to the enactment of House Bill No. 482, supra, the Appellate Courts of this State have rendered many opinions construing Articles 4201 and 4216. However, many of these cases do not pass upon the question under consideration; most of them are causes in which the attack on the judgment of the Probate Court was made collaterally, and, following the well-known rule, these authorities hold that the Probate Court is a court of general jurisdiction, and that its judgments are presumed to have been properly rendered on sufficient facts and are not subject to collateral attacks. However, it was held in American Indemnity Company vs. Nobel (Texas Commission of Appeals) 235 S.W. 867, that Article 4201, prior to its amendment, required an independent and separate bond from that given as a qualification of the guardian. It will be noted that Article 4201, supra, as amended by House Bill 482, supra, requires the guardian to file a good and sufficient bond in an amount equal to twice the amount for which the real estate is sold. (Also see the case City of Tyler vs. First National Bank of Beaumont, et al, 46 S.W. (2d) 454).

After carefully considering House Bill 482 and the foregoing authorities, it is our opinion that it is necessary for the guardian to file a special sales bond in double the amount for which the real estate is sold. In other words a special sale bond must be filed in compliance with said House

Honorable L. C. Boswell, Page 5

Bill 482 regardless of the amount of the general bond on file when real estate is sold by the guardian.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:ff

